# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MANOR CARE OF CAMP HILL,** **PA, LLC d/b/a MANORCARE HEALTH** **SERVICES - CAMP HILL**, *et al.*, | CIVIL ACTION NO. 1:13-CV-02449 |
| | (Chief Judge Conner) |
| Petitioners, | |
| v. | |
| **CLYDE FLEAGLE**, by and through **KAREN M. FRITZ**, his attorney-in-fact | |
| Respondent. | |

## **MEMORANDUM**

Presently before the court is a petition to compel arbitration and to stay certain state court proceedings (Doc. 1) pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*. ("FAA"),[1] filed by Manor Care of Camp Hill PA, LLC d/b/a Manorcare Health Services Camp Hill, Manor Care Health Services, Inc., HCR Manorcare, Inc., Manorcare, Inc., HCR Healthcare, LLC, HCR II Healthcare, LLC, HCR III Healthcare, LLC, and HCR IV Healthcare, LLC (collectively "HCR

---

[1] In accordance with the FAA, a party may petition a district court which would have jurisdiction over the underlying dispute for an order compelling arbitration. 9 U.S.C. § 4. However, the FAA does not confer federal question jurisdiction upon the court. See Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 25 n.32 (1983) ("The [FAA] is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise."). Thus, the court must have an independent basis for subject-matter jurisdiction over the underlying claims. In the case *sub judice*, there is complete diversity between the parties and the amount in controversy exceeds $75,000. (Doc. 1 ¶¶ 11-12, 14).

Manorcare"). Clyde Fleagle ("Fleagle"), by and through Karen M. Fritz, his attorney-in-fact, filed an abbreviated response (Doc. 10) to the petition, requesting the court to abstain from exercising its jurisdiction over the petition pursuant to Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).[2] For the reasons that follow, the court shall not abstain from considering the petition, and the court will grant a hearing on the petition as required by 9 U.S.C. § 4.[3]

---

[2] Fleagle also filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), claiming that the court should dismiss the petition in accordance with the abstention doctrine in Colorado River. (Doc. 11). However, the Federal Rules of Civil Procedure are not applicable when the FAA sets forth other procedures. See Liberty Mut. Grp., Inc. v. Wright, Civil Action No. DKC 12-0282, 2012 WL 718857, at *3 (D. Md. Mar. 5, 2012). Section 6 of the FAA provides that "[a]ny application to the court [under the FAA] shall be made and heard in the manner provided by law *for the making and hearing of motions*." 9 U.S.C. § 6 (emphasis added). Specifically, the court construes petitions to compel arbitration under 9 U.S.C. § 4 as analogous to motions for summary judgment, not as complaints initiating plenary action. Par–Knit Mills, Inc. v. Stockbridge Fabrics Co., 636 F.2d 51, 54 (3d Cir. 1980); Ins. Newsnet.com, Inc. v. Pardine (Pardine II), No. 1:11-CV-00286, 2011 WL 3423081, at *2 (M.D. Pa. Aug. 4, 2011). Federal Rule of Civil Procedure 12 governs defenses against claims raised in a complaint. See FED. R. CIV. P. 7, 12(b). For these reasons, the court will strike Fleagle's motion to dismiss as procedurally improper, and the court will consider only Fleagle's Response to the petition and related briefing.

[3] Under Section 4 of the FAA, the court must grant a hearing in order to determine whether the parties dispute the formation of or failure to comply with the arbitration agreement. 9 U.S.C. § 4. Upon such determination, the court may direct the parties to proceed to arbitration in accordance with the arbitration agreement. Id.

2

I.  **Factual and Procedural Background**

On October 16, 2009, Clyde Fleagle was admitted to a nursing home facility owned and operated by HCR Manorcare, known as Manor Care Health Services-Camp Hill ("Manor Care Facility"). (Doc. 1 ¶ 17; Doc. 10 ¶ 1). As part of Fleagle's admission, Fleagle's step-daughter and attorney-in-fact, Karen M. Fritz, executed documentation which included a voluntary arbitration agreement. (Doc. 1 ¶ 18). Fleagle remained a resident at the Manor Care Facility until November 11, 2011. (Doc. 10 ¶ 1). Unfortunately, Fleagle's stay at the Manor Care Facility was not without incident. The underlying complaint alleges that Fleage was mistreated, causing him to suffer various injuries. (Id.)

On February 9, 2012, Fleagle filed a praecipe for a writ of summons in the Court of Common Pleas of Cumberland County, Pennsylvania (the "state action"). (Doc. 1 ¶ 21; Doc. 10 ¶ 2). HCR Manorcare demanded arbitration on March 13, 2012, to which Fleagle did not respond. (Doc. 1 ¶ 22). On June 13, 2013, Fleagle filed his complaint in the state action, alleging negligence, corporate negligence, medical negligence, and negligence *per se* against HCR Manorcare.[4] (Id. ¶ 23; Doc. 10 ¶ 2). On or about June 26, 2013, HCR Manorcare filed preliminary objections to the complaint, asserting that the arbitration agreement barred Fleagle's claims and

---

[4] The state action includes the following defendants that are not a party to the arbitration agreement at issue in the case *sub judice*: GGNSC Camp Hill West Shore LP d/b/a Golden Living Center–West Shore, GGNSC Camp Hill West Shore GP, LLC, GGNSC Holdings, LLC, Golden Gate National Senior Care, LLC, GGNSC Equity Holdings, LLC, GGNSC Administrative Services, LLC, and GGNSC Clinical Services, LLC, (collectively, "GGNSC Defendants"). (See Doc. 10-1).

seeking to compel arbitration. (Doc. 1 ¶ 30; Doc. 10 ¶ 3). Fleagle filed answers to the HCR Manorcare's preliminary objections on July 12, 2013, (Doc. 10 ¶ 4), and his first set of arbitration-related discovery requests on August 12, 2013, to which HCR Manorcare has not yet responded. (Id. ¶ 5; Doc. 13 at 3). On September 12, 2013, HCR Manorcare filed a brief in support of its preliminary objections, addressing the enforceability of the arbitration agreement, (Doc. 10 ¶ 7), and Fleagle filed a brief in opposition the following day. (Id. ¶ 8). The Cumberland County Court of Common Pleas scheduled oral argument on HCR Manorcare's preliminary objections for September 27, 2013. (Id. ¶ 6; Doc. 13 at 3).

On September 24, 2013, HCR Manorcare filed the instant petition for an order compelling arbitration and staying the state action. (Doc. 1; Doc. 10 ¶ 9). HCR Manorcare then requested that the Cumberland County Court of Common Pleas postpone the scheduled argument on its preliminary objections in light of the pending petition. (Doc. 10 ¶ 10; Doc. 13 at 3). Nevertheless, the state court held argument on HCR Manorcare's preliminary objections on September 27, 2013. (Doc. 10 ¶ 10; Doc. 13 at 3). The Cumberland County Court of Common Pleas has not issued a decision on HCR Manorcare's preliminary objections. (Doc. 10 ¶ 10; Doc. 13 at 12). Instead, the state court granted Fleagle an additional sixty-day period for discovery for his claims against HCR Manorcare. (Doc. 13 at 3-4). On September 30, 2013, this court held a hearing on GGNSC Defendants' petition to

4

compel arbitration under a separate arbitration agreement.[5]  See Transcript of Motion Hearing at 7-8, GGNSC Camp Hill West Shore LP v. Fleagle, No. 1:13-CV-02385 (M.D. Pa. Sept. 30, 2013) (Doc. 29).  Fleagle contends that the court should abstain from hearing both petitions to compel arbitration under the Colorado River doctrine.  (Doc. 10 ¶ 15).  Consequently, the court ordered supplemental briefing on the issue of abstention.  (Doc. 7).  The matter is fully briefed and ripe for disposition.

## II.    Discussion

The sole issue before the court is whether the court should abstain from hearing the petition in favor of the state action pursuant to Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).

The Colorado River doctrine permits the court to abstain from exercising its jurisdiction by staying or dismissing a pending federal action when there is a parallel state court proceeding.  Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 307 (3d Cir. 2009).  However, the court must apply the doctrine narrowly in light of the general principle that the court has a "strict duty to exercise the jurisdiction that is conferred upon [it] by Congress."  Id. (quoting Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996)).  Abstention is the

---

[5] On November 13, 2013, the GGNSC Defendants informed the court that Fleagle and GGNSC had settled the matter.  See Letter from Jacqueline M. Carolan, Fox Rothschild LLP, to the Honorable Christopher C. Conner, GGNSC Camp Hill West Shore LP v. Fleagle, No. 1:13-CV-02385 (M.D. Pa. Nov. 13, 2013) (Doc. 27).  Accordingly, the court denied the petition as moot and dismissed the action.  See Order, GGNSC Camp Hill West Shore LP v. Fleagle, No. 1:13-CV-02385 (M.D. Pa. Nov. 14, 2013) (Doc. 28).

5

"extraordinary and narrow exception" to the "virtually unflagging obligation" of the court to exercise its jurisdiction. Colorado River, 424 U.S. at 813, 817.

In deciding whether to abstain pursuant to the Colorado River doctrine, the court must conduct a two-part inquiry. See Nationwide, 571 F.3d at 307. First, the court must determine whether there is a parallel state court proceeding involving the same parties and substantially identical claims. Id.; Timoney v. Upper Marion, 66 F. App'x 403, 405 (3d Cir. 2003). If the federal court and state court proceedings are parallel, the court then conducts a multi-factor analysis to determine whether "extraordinary circumstances" exist to warrant abstention. Nationwide, 571 F.3d at 307-08. In the instant matter, the court need not determine whether the state action and the federal action are parallel proceedings; assuming *arguendo* that the two proceedings are parallel, an analysis of the Colorado River and Moses H. Cone factors demonstrates that circumstances meriting abstention are not present.

The Supreme Court listed six factors for the court to consider in determining whether abstention is warranted. These factors are: (1) in an *in rem* case, which court first assumed jurisdiction over the property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the courts obtained jurisdiction; (5) whether federal law or state law controls the decision; and (6) whether the state court will adequately protect the interests of the parties. See Colorado River, 424 U.S. at 818; Moses H. Cone, 460 U.S. at 23-27. "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of

factors counselling against that exercise is required." Colorado River, 424 U.S. at 818-19. However, the balancing of factors is "heavily weighted in favor of the exercise of jurisdiction." Nationwide, 571 F.3d at 308 (quoting Moses H. Cone, 460 U.S. at 16).

In the case at bar, the first factor is not relevant to the court's determination because no property is at issue; this is not an *in rem* action. Next, under Colorado River, the convenience of a forum refers to its geographic location. See Morgan Stanley Dean Witter Reynolds, Inc. v. Gekas, 309 F. Supp. 2d 652, 657 (M.D. Pa. 2004). The Cumberland County Court of Common Pleas, which is the forum of the state action, is located in Carlisle, Pennsylvania, approximately twenty miles from the forum of the federal action in Harrisburg, Pennsylvania. (Doc. 13 at 8). The court finds that the state and federal courts are equally convenient to all parties. See Gekas, 309 F. Supp. 2d at 657 (concluding that a two-hour distance to the federal court was relatively convenient to all parties); cf. Colorado River, 424 U.S. at 820 (finding that the 300-mile distance between state and federal courts weighs in favor of abstention). Therefore, the second factor is neutral to the abstention analysis.

The desirability of avoiding piecemeal litigation, however, weighs against abstention. In assessing this factor, the court must examine whether the statute, regulation, or other authority at issue evinces a policy of avoiding piecemeal litigation. Nationwide, 571 F.3d at 308 (citing Spring City Corp. v. Am. Bldgs. Co., 193 F.3d 165, 172 (3d Cir. 1999)). Rather than discouraging piecemeal litigation, the

7

FAA maintains a policy in favor of piecemeal litigation when necessary to preserve arbitration rights. Id.; see Moses H. Cone, 460 U.S. at 19-20 (remanding decision to abstain despite claims in the state court action against a third party not subject to any arbitration agreement); Ins. Newsnet.com, Inc. v. Pardine (Pardine I), No. 1:11-CV-00286, 2011 WL 2461960, at *3-4 (M.D. Pa. June 17, 2011) (finding that the third factor weighs against abstention even when the arbitration agreement may not have encompassed all state court claims).

Moreover, the case *sub judice* presents no concern for duplicative litigation. All remaining parties to the state action are parties to the arbitration agreement at issue in the petition. There is also a presumption that the claims fall under the arbitration clause when the provision broadly encompasses all disputes arising from or relating to the arbitration agreement. See id. at *3; see also AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 650 (1986); Moses H. Cone, 460 U.S. at 24-25 (stating that the court should resolve "any doubts concerning the scope of arbitrable issues . . . in favor of arbitration"). The arbitration agreement at issue states that: "Any and all claims or controversies arising out of or *in any way* relating to this Agreement, the Admission Agreement, or any of the Patient's stays at this Center . . . shall be submitted to binding arbitration." (Doc. 1 ¶ 20; Doc. 1-4 at 2). The court concludes that the broad scope of the arbitration clause encompasses all the claims in the state action and eliminates any concern for duplicative litigation. Accordingly, the third factor clearly weighs against abstention.

8

Fleagle argues that there is also a danger of conflicting decisions between the federal and state courts. The court disagrees. At the September 30, 2013 hearing, counsel for Fleagle informed the court regarding the outcome of the September 27 oral argument in the state court. In that hearing, the Cumberland County Court of Common Pleas indicated it would refrain from further action while we consider the issue of abstention. See Transcript of Motion Hearing at 7-8, GGNSC Camp Hill West Shore LP v. Fleagle, No. 1:13-CV-02385 (M.D. Pa. Sept. 30, 2013) (Doc. 29). The state court has not yet made any decision regarding the enforceability of the arbitration agreement other than to grant additional time for discovery.

HCR Manorcare also requests an injunction to stay the state court proceeding upon the issuance of an order to compel arbitration. The court notes that the FAA does not expressly address the court's authority to enjoin state court proceedings. See Pardine II, 2011 WL 3423081, at *4; see also 9 U.S.C. § 3 (authorizing the court to stay a pending suit *in federal court* upon a determination that the underlying claims are subject to arbitration) (emphasis added). Generally, the court may not issue injunctions to stay state court proceedings pursuant to the Anti-Injunction Act. 28 U.S.C. § 2283. However, there are three circumstances which operate as exceptions to the Anti-Injunction Act: (1) when an injunction is expressly authorized by Congress; (2) when an injunction is necessary in aid of the court's jurisdiction; or (3) when an injunction is necessary to protect or effectuate the court's judgments. Id. In this case, the court may order an injunction pending arbitration under the second exception to the Anti–Injunction Act because it is

9

necessary in aid of exercising the court's jurisdiction over the petition to compel arbitration. See, e.g., Pardine II, 2011 WL 3423081, at *4 (allowing the state action to proceed "would eviscerate the arbitration process and make it a 'hollow formality'") (internal citation and quotation omitted); Morgan Stanley Dean Witter Reynolds, Inc. v. Enterman, No. CIVA 03–2247, 2003 WL 22020065, at *3 (E.D. Pa. July 3, 2003). In light of the procedural posture of the state action and this court's clear authority to enjoin the state court proceeding, there is little risk of conflicting decisions.

The fourth factor, the order in which jurisdiction was obtained, also counsels against abstention. Although Fleagle initiated the state action by writ of summons on February 9, 2012, he did not file his complaint in the state action until June 13, 2013. (Doc 1 ¶¶ 21, 23; Doc. 10 ¶ 2). HCR Manorcare then filed the petition to commence the federal action on September 24, 2013. (Doc. 10 ¶ 9; Doc. 13 at 3). Very little progress has been made in either jurisdiction.

Fleagle asserts that the timing of HCR Manorcare's federal action raises the "specter of impermissible forum shopping." Gekas, 309 F. Supp. 2d at 658. This argument is unavailing. HCR Manorcare filed its petition within three months of the complaint. See Comrey v. Discover Fin. Servs., 806 F. Supp. 2d 778, 785 (M.D. Pa. 2011) (moving to compel arbitration 51 days after filing answer was acceptable). In Gekas, the defendant filed a federal action seeking to compel arbitration six months after the filing of the complaint *while* the state court considered submissions on the enforcement of the arbitration agreement at issue. Gekas,

10

309 F. Supp. 2d at 658. In sharp contrast, HCR Manorcare filed the petition before the state court heard oral argument on the preliminary objections.[6] (Doc. 1 ¶ 31). After oral argument, the state court granted an additional sixty-day period for discovery at Fleagle's request. (Doc. 13 at 12). The state court has not yet reached the merits of the parties' submissions.

The Supreme Court in Moses H. Cone extended the relevant inquiry for the fourth factor beyond which action is filed first. The reviewing court must also examine the comparative progress made in the state and federal court proceedings. See Moses H. Cone, 460 U.S. at 21-22. Here, both matters are in a relatively nascent stage. During the three month period before the instant petition was filed, the state court received preliminary objections and responses, and Fleagle served one set of discovery requests. (Doc. 10 ¶¶ 3-8); see Francis v. Bridgestone Corp., Civil No. 2010/30, 2011 WL 2710009, at *4 (D.V.I. July 12, 2011) (finding that, when the actions have not progressed beyond requesting discovery, the fourth factor continues the weighted balance in favor of maintaining jurisdiction). HCR Manorcare's preliminary objections remain pending before the state court; after oral argument

---

[6] The court also notes that HCR Manorcare obviously filed its preliminary objections in the state court action to preserve its rights. Pennsylvania Rules of Civil Procedure require that all preliminary objections be raised at one time, including objections based upon an agreement for alternative dispute resolution. See PA. R. CIV. P. 1028(a)(6), (b). Had HCR Manorcare not raised this issue in its preliminary objections, it would have waived the issue. (Doc. 17 at 4); see Comrey, 806 F. Supp. 2d at 785 (indicating that failure to assert arbitration rights until long after the complaint or extensive discovery could cause prejudice to plaintiff and support a finding of waiver).

on the objections, the court granted a sixty-day period for additional discovery. (Doc. 13 at 3-4). Effectively, the state court has postponed its decision on the enforceability of the arbitration agreement. Accordingly, the fourth factor weighs against abstention.

Turning to the fifth factor, the court concludes that both state and federal law are applicable in this case. The FAA governs the enforceability of the arbitration agreement. See Moses H. Cone, 460 U.S. at 24; Southland Corp. v. Keating, 456 U.S. 1, 15 n.9 (1984) ("[T]he Federal Arbitration Act creates federal substantive law requiring the parties to honor arbitration agreements."); Harris v. Green Tree Fin. Corp., 183 F.3d 173, 179 (3d Cir. 1999). However, the Supreme Court has held that state law may also provide the rule of decision under the savings clause of the FAA. See 9 U.S.C. § 2 ("[Arbitration agreements] shall be valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract."); AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1748 (2011) (stating that Section 2 of the FAA preserves generally applicable contract defenses); First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995).

In the case at bar, Fleagle challenges the arbitration agreement under principles of state law governing contracts and contract formation. (Doc. 10 ¶¶ 18-19, 21-26). However, cases implicating state law rarely justify abstention; only cases involving novel issues of state law, such as mass tort litigation or construction law, will the applicable state law weigh in favor of abstention. See Ryan v. Johnson, 115 F.3d 193, 199 (3d Cir. 1997) (citing Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of

New York, 762 F.2d 205, 211 (2d Cir. 1985)). Given the applicability of both federal and state law, the fifth factor does not affect the court's abstention analysis. See Nationwide, 571 F.3d at 308 (finding the fifth factor to be neutral where the FAA governed the enforceability of the arbitration clause in a settlement agreement, but state law otherwise governed the agreement under a choice of law provision).

The sixth and final factor, which examines the state court's protection of the parties' interests, does not sway the weighted balance against abstention. The FAA grants concurrent jurisdiction to federal and state courts, see id., and state courts must enforce the FAA to the same extent as federal courts. See Gekas, 309 F. Supp. 2d at 660. This factor is influential when the state court does not protect the parties' interests. Id. HCR Manorcare argues that the state court is not protecting HCR Manorcare's rights because the Pennsylvania Rules of Civil Procedure allow for "interminable" discovery and the state court has already granted an additional sixty-day period for discovery. (Doc. 13 at 14; Doc. 17 at 5-6). The court disagrees with this argument. Development of the factual record in accordance with the Pennsylvania Rules of Civil Procedure does not prejudice HCR Manorcare in any material fashion. Hence, the court concludes that the final factor does not alter the court's abstention analysis.

On balance, the court holds that the Colorado River and Moses H. Cone factors do not support the court's abstention. Although four of the six factors do not significantly affect the court's conclusion, the desirability of avoiding piecemeal litigation and the relative progress of the two actions both weigh against abstention.

13

Moreover, in balancing these factors, the court remains mindful of its overarching obligation to exercise its jurisdiction. Accordingly, the court does not find extraordinary circumstances to warrant abstention.

## III. Conclusion

For the foregoing reasons, the court will deny Fleagle's request for abstention pursuant to the Colorado River doctrine (Doc. 10), and the court will grant a hearing on the petition (Doc. 1).

An appropriate order follows.

                    /S/ CHRISTOPHER C. CONNER
                    Christopher C. Conner, Chief Judge
                    United States District Court
                    Middle District of Pennsylvania

Dated:      November 25, 2013